David T. Biderman, Bar No. 101577
David.Biderman@ashurstperkins.com
Jasmine W. Wetherell, Bar No. 288835
Jasmine.Wetherell@ashurstperkins.com
Elissa Ronquillo, Bar No. 345972
Elissa.Ronquillo@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067-1721
Telephone:  +1.310.788.9900
Facsimile:   +1.310.788.3399

Kristine E. Kruger, Bar No. 253593
Kristine.Kruger@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone:  +1.206.359.8000
Facsimile:   +1.206.359.9000

Torryn T. Rodgers, Bar No. 319126
Torryn.Rodgers@ashurstperkins.com
ASHURST PERKINS COIE US LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone:  +1.415.344.7000
Facsimile:   +1.415.344.7050

Attorneys for Defendant TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUE KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-02910-GW-SSC<br><br>DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE<br><br>Date:    August 13, 2026<br>Time:    8:30 a.m.<br>Judge:   Hon. George H. Wu |

## I.     INTRODUCTION

Plaintiff does not dispute that Courts may consider evidence beyond the pleadings when such evidence is incorporated into the complaint by reference, and/or when the requirements of Federal Rule of Evidence 201 are met. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (acknowledging appropriateness of judicial notice and incorporation by reference at the pleading stage). Here, Target Corporation ("Target") requested that the Court take judicial notice of fifteen Exhibits that consist of court filings and matters of public record, documents published by government agencies, publicly available webpages, and documents referenced in Plaintiff Sue Kim's ("Plaintiff") Complaint—documents that are regularly judicially noticed. Notably, Plaintiff does not dispute the authenticity of these documents,[1] the relevancy of these documents, or the accuracy of their contents. Indeed, Plaintiff acknowledges that all documents and their findings are subject to judicial notice. Opp'n at 6-7.

However, despite this acknowledgment, Plaintiff argues that Exhibits 4 through 12 nonetheless may not be judicially noticed because Target is offering them "for the truth of the matter asserted." Opp'n at 6-7. Not so. Target is not asking the Court to accept as true the contents in Exhibits 4 through 12. Rather, Target is merely asking the Court to take judicial notice of the fact that these documents and their findings exist, which is proper. These documents are relevant to the underlying litigation because they discuss the various legal frameworks in place in the tuna fishing industry, including information about additional governmental oversight mechanisms that Target must follow with respect to the sourcing and production of

---

[1] While Plaintiff does not challenge any of the documents' authenticity, to the extent Plaintiff is attempting to make that argument, a plaintiff's "bald allegation that [a document] is not authentic does not raise an actual dispute as to the document's authenticity." *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d. 1131, 1143 (N.D. Cal. 2019).

its tuna products. Accordingly, judicial notice is proper as to the existence of these documents and their findings, as Plaintiff concedes.

Plaintiff also argues that judicial notice of these documents is "premature", in part because in ruling on a motion to dismiss, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Opp'n at 3-4. However, the law is clear that courts accept as true all *well-pleaded* factual allegations, not just simply all facts alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 679 (2009) ("When there are *well-pleaded factual allegations*, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") (emphasis added). Further, "[t]he court is not required to accept as true legal conclusions couched as factual allegations." *Wanyue Hong v. Curda*, No. CV 23-7146-GW, 2023 WL 9421118, at *1-2 (C.D. Cal. Dec. 14, 2023). Thus, judicial notice of these Exhibits is not premature, especially because courts may properly consider judicially noticed documents at the dismissal stage, nor is it inconsistent with the general proposition that courts must accept as true well-pleaded allegations.

There is no dispute as to the authenticity or the accuracy of the contents, that the the documents meet the requirements for incorporation by reference and Federal Rule of Evidence 201, and that they should be judicially noticeable. The Court should grant Target's request for judicial notice and consider Exhibits 1-15 in ruling on Target's Motion to Dismiss.

## II.   EXHIBITS 4 THROUGH 12 ARE JUDICIALLY NOTICEABLE[2]

### A.   Exhibits 4–6 are subject to judicial notice because they are documents published by government agencies.

Plaintiff does not dispute that Exhibits 4–6 are authentic copies of documents published by government agencies that are a matter of public record. Indeed, Plaintiff

---

[2] Plaintiff does not object to the Court taking judicial notice of Exhibits 1 through 3 (court filings and matters of public record), and 13 through 15 (documents

-4-

acknowledges that the Court may take judicial notice of the existence of these documents and their findings. Opp'n at 6. Accordingly, judicial notice of these exhibits is proper. *See also Paralyzed Veterans of Am. v. McPherson*, No. cv 06-04670 SBA, 2008 WL 4183981, at *17–18 (N.D. Cal. Sept. 8, 2008) (judicial notice is proper for information appearing on and printed from an official government website). Plaintiff argues that the documents are judicially noticeable because they are not cited in her Complaint, but this is not a pre-requisite to satisfy the judicial notice standard, and Plaintiff cites no authority establishing otherwise. *See Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1195 (N.D. Cal. 2024) (taking judicial notice of a public document even though it was not referenced in the complaint). Additionally, case law is clear that these types of documents, which are copies of public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (*See* Fed. R. Evid. 201(b)(2)), are properly subject to judicial notice. *See Intri-Plex Techs., Inc. v. Crest Grp.*, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). Further, Target is not attempting to judicially notice the documents for the truth of the matter asserted, as Plaintiff argues. Rather, Target seeks judicial notice of these documents for the limited purpose of establishing their existence and the fact that certain representations were made. This is entirely permissible. *See Smith*, 735 F. Supp. 3d 1188, at 1195.

**B.    Exhibits 7 through 12 are subject to judicial notice because they are web pages that are publicly available.**

Plaintiff does not dispute that Exhibits 7 through 12 are copies of authentic publicly available web pages. Plaintiff also does not dispute that courts routinely take judicial notice of such documents. *See, e.g., Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (taking judicial notice of a book's Amazon webpage and a webpage from the American Academy of Allergy Asthma & Immunology); *see*

referenced in Plaintiff's Complaint). Accordingly, these Exhibits will not be addressed in this Reply.

-5-

*also Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."). Regarding Exhibit 7 specifically, Plaintiff does not dispute that Plaintiff repeatedly cites to the MSC and its "Blue Tick" label throughout her Complaint. *See e.g.,* Compl. ¶¶ 67 n.55, 81 n.65, 82 n.66, 85 n.71–73, 87 n.74, 88 n.75. Additionally, as mentioned above, citation to the document in the Complaint is not a pre-requisite to satisfy the judicial notice standard, and Plaintiff cites no authority establishing otherwise. *See Smith*, 735 F. Supp. 3d at 1195. Lastly, Plaintiff admits that this Court may take judicial notice of the existence of these documents and their findings. Opp'n at 7.

## III.   CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court grant its Request for Judicial Notice and consider Exhibits 1–15 to the Biderman Declaration in adjudicating its Motion to Dismiss.

Dated:  July 31, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ Jasmine W. Wetherell*
David T. Biderman, Bar No. 101577
Jasmine W. Wetherell, Bar No. 288835
Torryn T. Rodgers, Bar No. 319126
Kristine E. Kruger, Bar No. 253593
Elissa Ronquillo, Bar No. 345972

Attorneys for Defendant TARGET CORPORATION

2:26-cv-02910-GW-SSC

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Target Corporation, certifies that this brief contains 1,162, which complies with the word limit of L.R. 11-6-1.

*/s/Jasmine W. Wetherell*
Jasmine W. Wetherell
Jasmine.Wetherell@ashurstperkins.com

-10-

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 31, 2026, I caused to be filed via the CM/ECF system true and correct copies of the forgoing document and that the service of this document was accompanied on all parties in the case by CM/ECF system.

*/s/Jasmine W. Wetherell*
Jasmine W. Wetherell
Jasmine.Wetherell@ashurstperkins.com

-10-